The opinion of the court, was delivered by

Mr. Justice Mott.

This was an application for the benefit of the act commonly called the prison bound's act, and not of the act, for the relief of insolvent debtors; and although the objects of the two acts, are in general distinct, the seventh clause of the prison bound’s act, has been held to apply equally to persons applying for the benefit of the other. But in the construction of it, we must nevertheless have regard to the nature of the application. The prison bound’s act, requires the defendant only to deliver up property enough to satisfy the debt for which he is confined. If therefore, he surrenders enough for that purpose, the judge to whom the application is made is not bound to prosecute his enquiries any further. The object-of the act, as well as the object of both parties is satisfied, and whether the property surrendered be sufficient or not, must always be referred, in the first instance, to the discretion of the judge.
In the case now under consideration, the judge.reports to us that the property surrendered was' amply sufficient, independent of the negro boy Hercules. It is true, the judge may sometimes be deceived; but a discharge from imprisonment is not a discharge of the debt. If the property mentioned in the, *226 schedule, is not sufficient; any other property that the defendant has at the time, or any that he may afterwards acquire, will’still be liable, and if the schedule be false, he may be arrested again! on the same execution. If the property surrendered, should' not appear to be sufficient, and it be suggested that the schedule is false, I think the case ought to be referred to a jury. 1 have no doubt, however, but that the judge may suffer the schedule to be amended, and if it shall appear that the property was not kept back with any fraudulent view, that the person may be discharged. • <
Petigru, for motion,
Hunt, contra.
It appears to have been the intention of the act, to allow a considerable latitude of discretion in the judge to whom the application is made; and, I' think, it ought to be liberally exercised in favor of liberty. I am of opinion, therefore, without going into an examination of the several grounds made in tha brief, separately, that the motion ought to be refused.
ColcocU, Johnson and Huger, Justices, concurred,